# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRED ANTHONY MERRILL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 06-0161-WS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter comes before the Court on petitioner Fred Anthony Merrill's *pro se* Motion for Jail Credit as well as Compassionate Release (doc. 83).

In 2006, Merrill pleaded guilty to one count of carjacking, in violation of 18 U.S.C. § 2119, and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  At a sentencing hearing held on July 25, 2007, this Court sentenced Merrill to a total term of imprisonment of 207 months, including 123 months for the carjacking offense, plus 84 months' consecutive imprisonment for the § 924(c) offense.  In serving that term of imprisonment, Merrill is housed at Forrest City Medium FCI, with a projected release date of October 30, 2021.

Merrill now petitions the Court for sentencing relief on two separate grounds.  First, he argues that the Bureau of Prisons has wrongfully deprived him of jail credit for six months for the period of January 12, 2006 and July 12, 2006.  As a threshold matter, Merrill brings this claim in the wrong court using the wrong procedural vehicle.  The Eleventh Circuit has explained that "[a] claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005).  Likewise, a § 2241 petition "must be brought in the district where the inmate is incarcerated." *Diaz v. United States*, 580 Fed.Appx. 716, 717 (11th Cir. Sept. 5, 2014).  Merrill has made no showing of exhaustion of administrative remedies.  Moreover, he is incarcerated in the Eastern District of Arkansas, not this judicial district, such that any § 2241 motion for

sentencing credits could not properly be brought in this District Court.  These circumstances on their face require denial of his motion for jail credit.

Even if Merrill had brought his motion for sentencing credits in the proper court under the proper statute, relief would not be warranted on this showing.  The Presentence Investigation Report prepared by the United States Probation Office in this case reflects that Merrill was serving a six-month sentence for possession of narcotic paraphernalia in a separate case out of Mobile County Circuit Court until at least May 25, 2006.  (Doc. 46-3, ¶ 56, PageID.140.)  In fact, the BOP's investigation shows that Merrill was incarcerated to serve that sentence from January 12, 2006 through July 12, 2006, which is precisely the time period at issue here.  (Doc. 83, PageID.359.)  Any time that Merrill served on the paraphernalia case would not be credited toward the sentence in this case pursuant to the plain language of 18 U.S.C. § 3585(b), which provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed … ***that has not been credited against another sentence***."  18 U.S.C. § 3585(b)(2) (emphasis added).  Merrill makes no showing that the BOP or the USPO were incorrect or that the subject time was not credited toward his paraphernalia sentence in state court;[1] therefore, he is not entitled to relief on his claim for sentencing credit.

Second, Merrill invokes the "compassionate release" provisions of the First Step Act, citing "the Attorney General[']s Memo ordering the release of inmates with Asthma as well as Hyperten[s]ion."  (Doc. 83, PageID.349.)  Attorney General Barr's Memoranda to the Director of the Bureau of Prisons dated March 26, 2020 and April 3, 2020 relating to the coronavirus

---

[1]     Merrill states as "historical facts" that he was arrested on state-court charges of Robbery 1st and Kidnapping 2nd, on January 12, 2006 and jailed without bond until July 12, 2006.  (Doc. 83, PageID.348.) But he neither disputes nor denies that the subject time in custody was actually spent serving a sentence on the drug paraphernalia charge.  During the time in question, Merrill does not appear to have been detained on Robbery and Kidnapping charges; indeed, he was not even arraigned on those charges until June 27, 2006.  (Doc. 83, PageID.356.) All information before the undersigned is that Merrill was serving a different sentence until July 12, 2006, at which time he immediately bonded out of jail on the Robbery / Kidnapping charges. Because the early 2006 time was credited towards that other sentence (and was not simply time in detention on the Robbery / Kidnapping charges that were later *nolle prossed* in favor of related proceedings in federal court), the BOP's assessment that no credit is due appears correct. Movant has made no showing to the contrary.

-3-

outbreak contain no such directives.  While the Attorney General did order the BOP to transfer vulnerable inmates to home confinement where appropriate, and recited a non-exhaustive list of discretionary factors to be considered in making such determinations, he did not mandate immediate release of all inmates with asthma or hypertension.  Merrill has made no showing as to any of these risk factors as applied to him, beyond a bare statement that he is a "longtime" sufferer of asthma and hypertension.  Merrill's PSR reflects that at the time of sentencing, he was neither under a doctor's care nor taking medications, and that he described his overall health as "good."  (Doc. 46-3, ¶ 85, PageID.145.)  Simply put, Merrill has made no showing of the sort of "extraordinary and compelling reasons" contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) that might warrant compassionate release to protect him from risks of contracting the COVID-19 virus in prison.

For all of the foregoing reasons, Merrill's Motion for 6 Months Jail Credit as well as Compassionate Release (doc. 83) is **denied**.


DONE and ORDERED this 4th day of May, 2020.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE